IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| IN RE: | CASE NO: 08-32001-DHW |
| Martin, Earnest | CHAPTER: 13 |
| Debtor(s) | |
| Soc.Sec.No(s).: xxx-xx-0018 | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY FILED BY NATIONAL CITY MORTGAGE CO., AND REQUEST FOR TELEPHONIC HEARING

Comes now NATIONAL CITY MORTGAGE CO., its principals, investors, successors, and/or assigns, if any, (hereinafter "Creditor"), by and through its undersigned counsel of record, Sirote & Permutt, P.C., and moves this Honorable Court to set this matter for telephonic hearing and lift the automatic stay in the above-referenced Debtor(s)' Chapter 13 bankruptcy and in support thereof, Creditor avers as follows:

1. This Honorable Court has jurisdiction to hear these matters and enter final orders pursuant to 28 U.S.C. §§ 157 and 1334; and 11 U.S.C. § 362. The Motion for Relief from Automatic Stay constitutes a core proceeding and is a contested matter pursuant to Fed. R. Bankr. P. 4001(a) and 9014.

2. The Creditor holds a mortgage lien on the property commonly referred to as 3737 Stanley Drive, Montgomery, AL 36111, and more fully described in the mortgage and note.

3. The Creditor has not received post-petition regular monthly routine maintenance mortgage payment(s). The mortgage and loan held by the Creditor is in post-petition default under the terms and conditions stated upon the face of the mortgage and loan documents. The Debtor(s) is/are in post-petition default for

the mortgage payments due for the months of October, 2008 through the current date, plus late fees, attorneys fees and costs.

4. The Debtor(s)' failure to make regular monthly routine maintenance mortgage payments unto the Creditor as they become due post-petition results in a unilateral modification of the mortgage and note between the parties in violation of 11 U.S.C. § 1322(b)(2).

5. The Debtor(s) has/have not made a good faith effort to provide for and make the regular monthly routine maintenance mortgage payments as they become due in a manner to ensure that the Creditor receives the regular monthly routine maintenance mortgage payments consistent with the terms of the mortgage and mortgage loan documents.

6. The Debtor(s) has/have willfully violated the terms and provisions of his/her/their Chapter 13 plan, and if applicable the order confirming said plan.

7. The Debtor(s)' actions have caused unreasonable delay that is prejudicial to the Creditor. Further, the Creditor is not adequately protected.

8. The Creditor desires to protect its interests and proceed with taking possession of the property.

### WAIVER OF FED. R. BANKR. P. 4001(a)(3)

9. This is a Chapter 13 bankruptcy case. The Debtor(s) either know, should know, or have been informed by Debtor(s)' Counsel of the rules of this Bankruptcy Court and the potential penalties for non-compliance. Therefore, the Creditor requests this court waive the ten day "stay" in accordance with Fed. R. Bankr. P. 4001(a)(3).

### FUTURE DEFAULT

10. Should this Honorable Court deny the Creditor's Motion for Relief from Automatic Stay, the Creditor would request that this Honorable Court direct that the stay shall be immediately lifted, without further order or notice, as to the Creditor in the event that the Debtor should default on any future payments.

## ATTORNEYS FEE

11. The Creditor has had to incur additional expense in order to collect this post-petition debt in the form of attorneys fees and costs and requests this Court to award the Creditor reasonable attorneys fees and court costs associated with this matter.

**WHEREFORE, ABOVE PREMISES CONSIDERED,** the Creditor herein prays that this Honorable Court will set this matter for telephonic hearing and to lift, modify, or terminate the automatic stay now in force and effect in order that the Creditor may obtain possession of its collateral and may foreclose or liquidate its collateral under state law; grant said Creditor reasonable attorneys fees and costs associated with the filing of this Motion; waive the effect of Fed. R. Bankr. P. 4001(a)(3); or IN THE ALTERNATIVE, order an appropriate cure of the post-petition arrearage and default; grant said Creditor reasonable attorneys fees and costs associated with the filing of this Motion; and grant said Creditor future relief, modification, termination, or lifting of the automatic stay now in force and effect, should the Debtor(s) default on any future payments to be made unto said Creditor, in order that the Creditor may obtain possession of its collateral, may foreclose, or liquidate its collateral under state law.

Respectfully submitted,

/s/ Walker
Susannah R. Walker (WAL-158)
Attorney for Creditor

OF COUNSEL:
SIROTE & PERMUTT, P.C.
P. O. Box 55887
Birmingham, Alabama 35255-5887
205-930-5424/ fax 205-930-5101
swalker@sirote.com

## CERTIFICATE OF SERVICE

I hereby certify in accordance with Fed. R. Bankr. P. 4001(a), 9014, and 7004 that a copy of the above and foregoing Motion for Relief from the Automatic Stay was mailed, first class postage prepaid or served via electronic case management to:

| | | |
|---|---|---|
| Vonda S. McLeod | Earnest Martin | Curtis C. Reding |
| 566 South Perry Street | 3737 Stanley Drive | P.O. Box 173 |
| P.O. Box 201 | Montgomery, AL 36111 | Montgomery, AL 36101 |
| Montgomery, AL 36101 | | |

On this the 11 day of Dec , 2008.

*/s/ illegible*
OF COUNSEL

STATE OF ⎯⎯⎯⎯⎯⎯⎯ )

COUNTY OF ⎯⎯⎯⎯⎯⎯ )

### AFFIDAVIT

BEFORE ME, the undersigned, Notary Public, personally appeared⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯, who is known to me and after being by me first duly sworn, deposes and says the following:

My individual responsibility is to administer mortgage loans in bankruptcy. Specifically, this includes monitoring loan payments. I hereby certify and state that said records were made in the regular course of business, and that it was in the regular course of said office for such records to be made at the time of the events, transactions, or occurrences to which they refer or within a reasonable time thereafter. My personal knowledge of this mortgage loan shows the following:

| | | |
|---|---|---|
| 1. | Loan No: | xxxxxx5827 |
| 2. | Debtor: | Earnest Martin |
| 3. | Bankruptcy Case No: | 08-32001-DHW-13 |
| 4. | Property Description: | 3737 Stanley Drive, Montgomery, AL 36111 |
| 5. | Net Principal Balance as of 12/11/2008 | 58,677.31 |
| 6. | Delinquent Status as of 12/11/2008 | Due for payment |

| | |
|---|---|
| 3 payments of 669.65 each for 10/08 through 12/08 | $2,008.95 |
| 2 late charges of 29.62 each for 10/08 through 11/08 | 59.24 |
| Bankruptcy Attorney Fees/Costs for MFR | 650.00 |
| Total Post-petition Mortgage Arrearage | $2,718.19 |

The facts stated herein are true. In verification of the same, I subscribed my signature hereto.

Sworn to and subscribed before me on this the ⎯⎯⎯ day of ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯, 2008.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Affiant

Sworn to and subscribed before me on this the ⎯⎯⎯ day of ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯, 2008.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Notary Public
My Commission Expires: ⎯⎯⎯⎯⎯⎯